IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**
JUN 2 2 2022
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH INSTAGRAM ACCOUNT USER IDS:<br>ID:50416429509<br>ID:11543316551<br>THAT ARE STORED AT A PREMISES CONTROLLED BY META PLATFORMS, INC. | **FILED UNDER SEAL**<br><br>Case No. 22-MJ-00385-JFJ |

### Application for Order Commanding Meta Platforms, Inc. Not to Notify Any Person of the Existence of Warrant

The United States requests that the Court order Meta Platforms, Inc. ("Meta") not to notify any person (including the subscribers and customers of the account listed in the warrant of the existence of the attached warrant for 90 days.

Meta Platforms, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached warrant, which requires Meta Platforms, Inc. to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached warrant relates to an additional investigative technique of an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the ongoing investigative techniques being employed by the Government in connection with this prosecution. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving the target an opportunity to destroy or tamper with the evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically, if alerted to the existence of the warrant, the subject under investigation could attempt to remove or destroy that evidence.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Meta Platforms, Inc. not to disclose the existence or content of the attached warrant for 90 days, except that Meta Platforms, Inc. may disclose the attached warrant to an attorney for Meta Platforms, Inc. the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an additional investigative technique, in ongoing criminal investigation, that is neither public nor known to the target of the investigation.

Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on June 22, 2022.

/s/ Justin G. Bish
Justin G. Bish, PA Bar No. 322091
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700-Telephone